IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-02953-RPM

FELIX GALLEGOS,

    Plaintiff,

v.

ALAMOSA COUNTY BOARD OF COMMISSIONERS,
DARIUS ALLEN,
GEORGE WILKINSON,
HERRY ANDREWS, and
KENNETH VANIWARDEN,

    Defendants.

## ORDER ON SUMMARY JUDGMENT

Felix Gallegos was employed by Alamosa County as the Land Use Administrator from April, 2001 to April 30, 2007, when he was fired by Kenneth VanIwarden, the County Building Inspector. He filed this action on December 17, 2009, seeking damages from the Board of County Commissioners, Darius Allen, Chairman of the Board, Commissioner George Wilkinson, Commissioner Frank Mestas, Herry Andrews, County Administrator and Kenneth VanIwarden. Commissioner Mestas was dismissed by stipulation on June 29, 2012.

The plaintiff claims race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Colorado Anti-discrimination Act, C.R.S. § 24-34-402 et seq. and wrongful termination under Colorado law. The defendants moved for dismissal under Fed.R.Civ.P. 56. The motion has been fully briefed with supporting papers.

The common law claim is barred by C.R.S. § 13-80-102(1)(h), a two-year statute of limitations.

The plaintiff has shown a triable claim of race discrimination under Title VII. There are questions of fact. The termination decision was made by the building inspector who occupied a parallel position. There was no compliance with the County's personnel policies. The Board of County Commissioners had the sole authority to fire Mr. Gallegos as was made clear by the resolution adopted in May, 2006 and there is no evidence that the Board delegated authority to Mr. VanIwarden or took any action to ratify his decision. That is sufficient to raise the issue of the use of pretext to mask a discriminatory motive.

The individual defendants have no personal liability for a violation of Title VII.

It is unclear whether an individual can be liable as an aider and abetter under CADA because of the prohibitions in § 24-34-402(1)(c). There is no definitive Colorado authority. Given the limited remedies under that statute, it is doubtful that any damages could be awarded against other employees of the plaintiff's employer.

Because of this and other uncertainties about Colorado's statute, this Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

Upon the foregoing, it is

ORDERED, that the motion for summary judgment is denied as to the First Claim for Relief under Title VII as to the Alamosa Board of County Commissioners and granted as to the individual defendants. It is

FURTHER ORDERED that the Second Claim for Relief is dismissed under Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction, and it is

FURTHER ORDERED that the Third Claim for Relief is dismissed as time-barred.

Dated:  March 22, 2013

                                                    BY THE COURT:

                                                    s/Richard P. Matsch
                                                    _____
                                                    Richard P. Matsch, Senior District Judge